Case 2:22-cv-04332-SSV-DPC   Document 49   Filed 03/12/24   Page 1 of 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD GIBSON | CIVIL ACTION |
| VERSUS | NO. 22-4332 |
| PROGRESSIVE PALOVERDE INSURANCE COMPANY, ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is plaintiff's unopposed motion to remand.[1] For the following reasons, the Court grants the motion.

## I.  BACKGROUND

Plaintiff filed this action in Louisiana state court on September 9, 2022.[2] The state court petition alleges that defendants are liable in negligence for damages arising from an automobile accident.[3] In the petition, plaintiff neither states whether the amount in dispute exceeds $75,000, nor includes a specific demand. Plaintiff alleges damages including past, present, and future pain, suffering, disability, and mental anguish;

---

[1]   R. Doc. 36.
[2]   R. Doc. 1-4.
[3]   *Id.*

medical expenses; lost wages; lost business earnings; loss of earning capacity; permanent disability and loss of enjoyment of life; property damage; and serious bodily injury, including injury to plaintiff's shoulder and a torn meniscus in his right knee.[4] Progressive Paloverde Insurance Company ("Progressive") removed the matter to this Court on November 1, 2022, on the basis of diversity jurisdiction.[5] To demonstrate that the value of plaintiff's claim exceeds the amount in controversy, Progressive produced evidence showing that, as of the date of removal, plaintiff had accrued at least $7,706.25 in medical bills, and sustained property damage worth $37,497.26.[6]

Plaintiff now moves to remand, asserting that the amount in controversy does not exceed $75,000.[7] In support of his motion, plaintiff has executed a "binding and irrevocable" stipulation that the amount in controversy does not exceed $75,000.[8]

The Court considers the motion below.

---

[4]  R. Doc. 1-4 ¶¶ 6, 8.
[5]  R. Doc. 1.
[6]  *Id.* at 6-8.
[7]  R. Doc. 36.
[8]  R. Doc. 36-2.

## II. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*,

437 U.S. 365, 373 (1978). Under Fifth Circuit law, if a plaintiff includes a demand for a specific amount in his or her state court petition, this figure will generally control. *Scarlott v. Nissan N. Am.*, 771 F.3d 883, 888 (5th Cir. 2014). If a plaintiff does not include a demand for a specific amount, or includes a demand for a sum less than the jurisdictional amount, the removing defendant has the burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Manguno*, 276 F.3d at 723 (no specific demand); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995) (demand for less than jurisdictional amount). The defendant can meet this burden by (1) demonstrating that it is apparent from the face of the petition that the value of the claims is likely to exceed the jurisdictional amount, or (2) setting forth "'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723. If it is apparent from the face of the petition that the value of the claims is likely to exceed the jurisdictional amount, "post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). But "if the basis for jurisdiction is ambiguous at the time of removal," the Court may consider "post-removal [stipulations or] affidavits" in determining whether the

4

amount in controversy exceeds the jurisdictional amount in addition to "summary judgment type evidence." *Id.*

If the defendant satisfies its burden to show that the jurisdictional amount is met, the plaintiff can defeat removal only by showing that it is legally certain that the plaintiff could not recover an amount in excess of $75,000. *See De Aguilar*, 47 F.3d at 1411-12; *see also Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 355 n.4 (5th Cir. 2023) (affirming same).

### III. DISCUSSION

As a threshold matter, defendants' decision not to oppose plaintiff's remand motion is, in itself, sufficient grounds to remand. *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases); *see also Jackson v. City of New Orleans*, No. 95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (holding that plaintiff's remand motion "could be granted as unopposed").

Furthermore, the Court finds that remand is required. It is not facially apparent from plaintiff's petition that he asserts a claim that satisfies the jurisdictional amount. Plaintiff's petition alleges only that he has suffered "an injury to his shoulder and a torn meniscus in his right knee," in addition to conclusory allegations of "emotional trauma, serious bodily injuries,

property damage, and economic loss."[9] *See Simon*, 193 F.3d at 850-51 (finding amount in controversy not met when complaint alleged damages for severely injured shoulder, soft-tissue injuries, bruises, abrasions, medical expenses, and loss of consortium); *Guillory v. Chevron Stations, Inc.*, No. 3-2385, 2004 WL 1661201, at *2 (E.D. La. July 22, 2004) (amount in controversy not facially apparent from the complaint when plaintiff alleged "a fracture to her knee and torn internal structures of her knee" and sought damages for past and future pain, suffering, disability, medical expenses, loss of wage and salary, and loss of enjoyment of life). Similarly, the Court finds that the basis for removal was ambiguous at the time of removal. *See Darensbourg v. Sullivan*, No. 16-16621, 2017 WL 372637, at *2 (E.D. La. Jan. 25, 2017) ("Because Plaintiff did not detail his injuries or expected medical costs, the amount of damages requested in the initial petition are ambiguous."); *Gonzalez v. Granter*, No. 15-5928, 2016 WL 3268165, at *3 (E.D. La. June 15, 2016) (holding petition ambiguous because "though [p]laintiff alleges that she suffered 'severe injuries,' her petition does not . . . detail the duration of the injury, any past or future treatments that have been provided or recommended, any resulting physical limitations, permanent pain, or other disability resulting from the injuries, and/or any loss of

---

9   R. Doc. 1-4 ¶¶ 5-6.

employment"). Accordingly, it is Progressive's burden to show that the amount in controversy exceeds $75,000 by "summary judgment type evidence," and the Court may consider plaintiff's post-removal stipulation.

The evidence Progressive attached to its notice of removal fails to show that the jurisdictional amount is satisfied. Rather, while it demonstrates that plaintiff has received treatment for back pain, including a lumbar decompression and epidural steroid injections, it does not indicate the costs of these procedures, the likely costs of future treatment, or any other basis to conclude that the treatments would satisfy the amount in controversy requirement. Further, plaintiff stipulates that the amount in controversy does not exceed $75,000, which Progressive does not contest.[10] *See De Aguilar*, 47 F.3d at 1406 ("Post-removal [stipulations or] affidavits sometimes can be relevant where the jurisdictional amount question is unresolved."); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 596-97 (M.D. La. 2010) (remanding in light of post-removal stipulation because "the amount in controversy remains ambiguous"). Thus, the Court finds that defendant fails to meet its burden to establish that the jurisdictional amount in satisfied.

---

10      R. Doc. 36-2.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand. This case is REMANDED to the Civil District Court for the Parish of Orleans in the State of Louisiana. The joint motions to dismiss plaintiff's bodily injury claims against defendants Progressive Paloverde Insurance Company and Terryelle Johnson[11] are DISMISSED for lack of jurisdiction.

New Orleans, Louisiana, this __12th__ day of March, 2024.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[11] R. Docs. 43 & 48.